# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **KIMBERLY STARLING**, *on behalf of herself and all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>**DOE CORPORATION UTILIZING TELEPHONE NUMBERS (877) 839-3536 AND (833) 562-0947**<br><br>*Defendants*. | Civil Case No.: 4:24-cv-410<br><br>**COMPLAINT - CLASS ACTION** |

## INTRODUCTION

1. This action arises out of the marketing practices of Defendant that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Defendant makes prerecorded telemarketing calls soliciting health insurance products and services.

3. Defendant also sends telemarketing text messages soliciting health insurance products and services.

4. Defendant makes these calls and sends these text messages to individuals on the National Do-Not-Call Registry.

5. Accordingly, Ms. Starling brings this action on behalf of herself and classes of similarly situated individuals.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

7. This Court has jurisdiction over Defendant because its actions giving rise to the

1

claim were targeted at this District.

8.  Venue is proper in this District because some of the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

## PARTIES

9.  Plaintiff Kimberly Starling ("Ms. Starling" or "Plaintiff") is, and at all times mentioned herein was, a citizen and resident of Southlake, Texas.

10. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is, and at all times mentioned herein was, an unknown entity that utilized telephone number (877) 839-3536 to contact consumers in violation of the TCPA.

12. Defendant also used telephone number (833) 562-0947 to receive calls from consumers.

13. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## TCPA BACKGROUND

14. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

### *Prohibition of Prerecorded or Artificial Voice Calls*

15. Section 227(b) of the TCPA prohibits making ***any*** call (other than a call made for emergency purposes) to a cellular telephone using an automatic telephone dialing system or an

artificial or prerecorded voice without the prior express consent of the called party.  *See* 47 U.S.C. § 227(b)(1)(A).

16. A violation of section 227(b) carries statutory damages of $500 to $1,500 per call. *See* 47 U.S.C. § 227(b)(3)(B) and (C).

*National Do-Not-Call Registry and Internal Do-Not-Call List*

17. The TCPA establishes a national "do not call" database of numbers not to be called. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014 ("DNC Order").

18. These regulations are codified at 47 C.F.R. §§ 64.1200(c)(1-2).

19. Specifically, a company may not initiate any "telephone solicitation" to a telephone subscriber "who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

20. A violation of 47 C.F.R. § 64.1200(c) carries statutory damages of $500 to $1,500 per call through § 227(c) of the TCPA.

**FACTUAL ALLEGATIONS**

21. Ms. Starling is the user of a cellular telephone number ending in 6140.

22. Ms. Starling's cellular telephone number ending in 6140 is used for residential purposes.

23. Ms. Starling's telephone number ending in 6140 has been on the National Do-Not-Call Registry since December 31, 2004.

24. On December 6, 2023 at 11:51am, Ms. Starling received the following text message from telephone number (877) 839-3536:

> Text Message
> Wed, Dec 6 at 11:51 AM
>
> The Affordable Care Act Health Subsidy Has New Plans of up to $1400/Month To Cover Medical Bills, Prescriptions, Dental, Eye-Glasses & More Call 833-562-0947 Now To Find Out If You Are Eligible for this State-Regulated Program M-F 9am-6pm EST Reply stop to opt-out

25. A few minutes later, at 11:58am, Ms. Starling received a telephone call from (877) 839-3536.

26. When Ms. Starling answered the phone, the following prerecorded message played:

> This is a reminder that November and December are the annual enrollment period for the $1,400 per month state regulated health subsidy program. If your annual income is under $50,000, you may be eligible for health subsidies covering medical expenses, dental care, eyeglasses and other pharmacy needs. To check your eligibility, simply call back on this number or call 833-562-0947 from Monday to Friday 9:00am to 6:00pm eastern standard time or 6:00am to 3:00pm pacific standard time. Imagine having most of your medical needs, including dental care, eyeglasses, and other essential needs paid for at little to no cost. This could free up your finances to spend on groceries, rent, bills and other essential day-to-day expenses. Did you know 86% of individuals qualify for immediate assistance through this program. However, millions might not be aware they're eligible. But, keep in mind, not everyone is eligible. Once again, to check your eligibility, simply call back on this number or call 833-562-0947 from Monday to Friday 9:00am to 6:00pm eastern standard time or 6:00am to 3:00pm pacific standard time. Thank you and have a wonderful day.

27. When Ms. Starling called (833) 562-0947, she was connected to an automated

system that stated, "if you are calling about the $1,400 per month state regulated health subsidy program from the affordable care acts to help cover dental bills, eyeglasses, prescription costs, medical bills and more, press one."

28. Ms. Starling pressed one in an attempt to investigate the identify of the caller.

29. After pressing one, she was then asked "screening questions" by an automated system before being automatically routed to an insurance agent that attempted to enroll her in a health insurance plan.

30. Ms. Starling could not identify the entity that placed the calls and sent her the text messages.

31. According to 800forall.com, telephone number (833) 562-0947 belongs to TELNYX, LLC, which is a company that provides telephone numbers to service providers for their customers to use.[1]

32. According to 800forall, telephone number (877) 839-3536 belongs to TWILIO INC., which is a company that provides telephone numbers to service providers for their customers to use.[2]

33. Ms. Starling did not provide her consent to receive these calls or text messages from Defendant.

34. Defendant's violations were negligent.

35. Alternatively, Defendant's violations were willful and knowing.

36. Ms. Starling and the classes were damaged by the violations alleged herein. Their privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use

---

[1] https://telnyx.com/products/phone-numbers (last accessed April 29, 2024).

[2] https://www.twilio.com/docs/phone-numbers (last accessed April 29, 2024).

5

of their phones, and they were forced to divert attention away from other activities to address the unwanted calls. The calls were annoying and a nuisance, and wasted the time of Ms. Starling and the class members. *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

## DEFENDANT'S LIABILITY

37. Defendant uses automated systems to make telephone calls and send text messages to hundreds if not thousands of consumers across the U.S., including to consumers whose phone numbers are listed on the National Do-Not Call Registry.

38. Certain of these calls utilized an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b).

39. For violations of 47 U.S.C. § 227(b), Ms. Starling is entitled to a minimum of $500 per call. *See* 47 U.S.C. § 227(b)(3)(B).

40. Ms. Starling is entitled to $1,500 per call if ASP's actions are found to be knowing or willful. See 47 U.S.C. § 227(b)(3)(C).

41. In addition, Defendant, made two or more telephone solicitations to Ms. Starling, whose number was on the National Do-Not-Call Registry at the time of the calls. This constitutes a violation of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

42. Accordingly, for violations of 47 C.F.R. § 64.1200(c), Ms. Starling is entitled to $500 per call through 47 U.S.C. § 227(c).

43. Ms. Starling is entitled to an additional $1,500 per call if Defendant's actions are found to be knowing or willful.

## CLASS ACTION ALLEGATIONS

44. Ms. Starling brings this action under Fed. R. Civ. P. 23 on behalf of two "Classes," defined as follows:

## THE TCPA CLASSES

Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called using an artificial or prerecorded voice message for the same purpose Plaintiff was called.

("Prerecorded Class")

Plaintiff and all persons within the United States to whose telephone number Defendant placed (or had placed on its behalf) two or more telemarketing calls and/or text messages in a 12-month period when the telephone number to which the telephone calls or texts were made was on the National Do-Not-Call Registry for more than 30 days at the time of the calls/texts, from four years prior to the filing of the Complaint through class certification.

("Registry Class")

(The Prerecorded Class and the Registry Class, are collectively referred to herein as the "Classes.")

45. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

46. The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

47. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and/or third parties maintain written and electronically stored data showing:

      a.      The time period(s) during which Defendant made its calls;

      b.      The telephone numbers to which Defendant called;

      c.      The telephone numbers for which Defendant had prior express written consent;

      d.      The purposes of such calls; and

      e.      The names and addresses of Class members.

48. The Classes are comprised of hundreds, if not thousands, of individuals.

49. There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

      a.      Whether Defendant (or someone acting on its behalf) makes telemarketing calls;

      b.      Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

      c.      Whether Defendant or the entity with which it contracts makes solicitation calls to telephone numbers registered on the National Do-Not-Call Registry;

      d.      Whether Defendant's statutory violations were willful and knowing; and

      e.      Whether Defendant should be enjoined from engaging in such conduct in the future.

50. Plaintiff is a member of the Classes in that Defendant made two or more prerecorded calls for telemarketing purposes, in a one-year period to her telephone number, without her prior express written consent, and while her telephone number was on the National Do-Not-Call Registry.

51. Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

52. Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

53. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

54. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

55. Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

56. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

57. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

58. Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. §227(b)**
**(On behalf of Plaintiff and the Prerecorded Class)**

59. Ms. Starling and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

60. Defendant placed, or had placed on its behalf, prerecorded telephone calls to Ms. Starling's and Class Members' telephone numbers without prior express consent.

61. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b).

62. Defendant has therefore violated 47 U.S.C. § 227(b).

63. As a result of Defendant's unlawful conduct, Ms. Starling and the Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

64. Ms. Starling and the Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 277(b)(3).

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Registry Class)**

65. Ms. Starling and the proposed Classes incorporate the foregoing allegations as if fully set forth herein.

66. Defendant made, or had made on its behalf, calls constituting telephone solicitations to Plaintiff's and putative Registry Class Members' telephone numbers.

67. Plaintiff's and putative Registry Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

68. Plaintiff and putative Registry Class Members each received two or more such calls in a 12-month period.

69. Plaintiff and putative Registry Class Members are entitled to an award of $500 in statutory damages for each telephone solicitation call pursuant to 47 U.S.C. § 227(c)(5).

70. Plaintiff and putative Registry Class Members are entitled to an award of treble damages in an amount up to $1,500 for each telephone solicitation call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the representatives of the Classes and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the statutes referenced herein;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages;

E. An award of treble damages;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,


By:   */s/ Chris R. Miltenberger*
  Chris R. Miltenberger
  Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Max S. Morgan, Esq.
**The Weitz Firm, LLC**
1515 Market
Suite 1100
Philadelphia, PA 19102
Max.morgan@theweitzfirm.com

*Attorneys for Plaintiff and the putative class*