UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **KIMBERLY STARLING**, *on behalf of herself and all others similarly situated*,<br><br>*Plaintiff*,<br><br>v.<br><br>**DOE CORPORATION UTILIZING TELEPHONE NUMBERS (877) 839-3536 AND (833) 562-0947**<br><br>*Defendants*. | Civil Case No.: 4:24-cv-410-P |

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE LIMITED DISCOVERY
PRIOR TO RULE 26(F) CONFERENCE TO IDENTIFY DEFENDANT**

**I.   INTRODUCTION**

Pursuant to Fed. R. Civ. P. 26(d)(1) and Fed. R. Civ. P. 45, Plaintiff Kimberly Starling ("Plaintiff") respectfully requests that the Court grant Plaintiff leave to serve discovery (in the form of subpoenas) prior to a Rule 26(f) conference to obtain the identity of the Doe Defendant ("Defendant"). This information is necessary to identify the defendant and substitute into this case the real name of the party in interest and effect service.

**II.   BACKGROUND**

Plaintiff filed a complaint against Doe Corporation for unwanted, prerecorded spam telephone calls and unwanted text messages she received from telephone numbers (877) 839-3536 and (833) 562-0947. Unfortunately, like many spammers that know they are violating the TCPA, Defendant takes pains to hide its identity, using telephone numbers that when called do not provide any identifying information.[1] Plaintiff has independently been able to determine that the numbers

---
[1] The telephone numbers currently are inactive.

P a g e | **1**

relevant to this matter are or were owned by either Twilio, Inc. or Telnyx, LLC. These companies provide the telephone numbers to third party platforms to provide to their customers for use.

Plaintiff seeks leave of court to conduct limited discovery to identify the user/subscriber of these telephone numbers during the relevant time period. If this motion is granted, Plaintiff intends to issue subpoenas to Twilio, Inc. and Telnyx, LLC respectively regarding the customer or subscriber information as of December 6, 2023 associated with telephone numbers (877) 839-3536 and (833) 562-0947. Plaintiff also seeks leave to issue additional subpoenas to customers of Twilio, Inc. and Telnyx, LLC, if discovery reveals their customers are third party platforms that would have information relating to the identity of the subscriber or user of the number during that relevant time period.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) requires a court order before a party may serve any discovery requests in advance of a Rule 26(f) conference. "The Fifth Circuit has not adopted a standard for determining whether expedited discovery is warranted, but district courts within the circuit have applied the 'good cause' standard." *Hunsinger v. Doe Corp. Utilizing Tel. Nos. 214-469-9158 and Others.,* No. 3:22-cv-2444-M-BH, 2022 WL 16722344 at *1 (N.D. Tex. Nov. 4, 2022). "Under the good cause standard, as applied in this circuit, courts consider five factors: '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Id.* (citation omitted).

"Courts have found good cause for allowing limited expedited pre-service discovery to identify an unknown defendant." *Id.* (citing *Mary Kay Inc. v. Beyou-Cosmetics storefront on*

*www.ebay.com*, No. 3:21-cv-1074-B, 2021 WL 2315097 (N.D. Tex. June 7, 2021); *Priority Records, LLC v. Doe,* No. A-07-CA-799 LY, 2007 WL 9710299, at *2 (W.D. Tex. Oct. 3, 2007); *In re Cases Filed by Recording Companies*, No. 1:08-cv-00158-LY, 2008 WL 11411125, at *1-2 (W.D. Tex. Mar. 14, 2008); *In re Cases Filed by Recording Companies*, No. 1:07-cv-00358-LY, 2007 WL 9710246, at *1-2 (W.D. Tex. Sept. 5, 2007).

## IV.   DISCUSSION

Good cause is present here. There can be no "justice" in this matter if the Defendant is not identified. Plaintiff cannot confirm the identity of the Defendant at this time and cannot possibly make service without Defendant's identity. In addition, Plaintiff's proposed discovery is limited to issuing subpoenas to third-parties, specifically Twilio, Inc. and Telnyx, LLC, to identify the third-party platforms or customers to which they leased or sold the telephone numbers at issue, and the third-party platforms themselves for the identity of the subscriber.

There is little prejudice to Defendant by allowing this early discovery. It costs Defendant nothing, as it will be directed entirely to third parties, and Defendant has no legal interest in hiding its identity to avoid legal liability. Therefore, the need for this discovery outweighs any prejudice to Defendant, and the interests of justice call for Plaintiff to be able to issue these subpoenas now.

## V.   CONCLUSION

In light of the foregoing, Plaintiff respectfully requests that the Court allow Plaintiff to serve the aforementioned subpoenas to identify Doe Defendant. Should additional subpoenas be necessary beyond those identified herein, Plaintiff will file a renewed request.

Respectfully submitted,

By: ___*/s/ Chris R. Miltenberger*___
    Chris R. Miltenberger
    Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Max S. Morgan, Esq.
**The Weitz Firm, LLC**
1515 Market
Suite 1100
Philadelphia, PA 19102
Max.morgan@theweitzfirm.com

*Attorneys for Plaintiff and the putative class*

### Certificate of Conference

As Defendant has not yet been identified, served or appeared no conference is possible.

By: ___*/s/ Chris R. Miltenberger*___
    Chris R. Miltenberger

### Certificate of Service

The undersigned certifies that the foregoing document was filed electronically through the Court's CM/ECF system in compliance with the Local Rules. Defendant has not yet appeared.

By: ___*/s/ Chris R. Miltenberger*___
    Chris R. Miltenberger